## THE PEOPLE *v.* RUIZ.

### APPEAL from the District Court of San Juan.

No. 19.—Decided June 9, 1904.

EVIDENCE—STATEMENTS OF A DECEASED WITNESS—OBJECTIONS.—If no objections be made by a defendant to the reading of the declaration of a deceased witness, it will be presumed, on appeal, that the testimony was properly admitted.

ID.—IMPEACHMENT OF A DECEASED WITNESS.—The provisions of section 245 of the Code of Criminal Procedure should be liberally construed, and according therto the statement of a deceased witness, made before a justice of the peace in the investigation of the charge alleged in the information, should be admitted as evidence to impeach another statement of the same witness made before the prosecuting attorney in the same case, and the court should consider both statements and endeavor to reconcile them, if possible, giving to the accused the benefit resulting from the same, since the failure to strictly comply with the provisions of said section cannot in any way prejudice the accused.

The facts are stated in the opinion.

*Mr. Juan R. Ramos,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE MACLEARY delivered the following opinion of the court:

The appellant in this case was convicted on the 1st of February, 1904, of an assault, and condemned to serve one month in the county jail. From this judgment he took an appeal to this court and the case is presented here by his counsel on the record and on oral argument and written brief filed on his behalf. The *fiscal* of this court appeared on behalf of the People and filed a written brief and made an oral argument in the case.

No bill of exceptions was properly presented or filed according to the method provided by law, but the secretary of the trial court makes a certificate and attaches it to the record, that it appears from the record that on the trial the defendant's attorney offered in evidence the declaration made on the examining trial before the justice of the peace at Carolina by the witness Cornelio Nieves, which was in possession of the *fiscal,* and that, on objection made by that officer the testimony was excluded by the court, to which defendant by his attorney excepted. This also substantially appears in the narration of the events of the trial made by the secretary and constituting the record thereof.

The death of the witness was fully proved, and the *fiscal* introduced in evidence a sworn statement made before him, by the deceased witness, on which the information was partially based. Counsel for the defendant denied the right to introduce the other sworn statement made by the deceased witness in order to show contradictions between the two, and this discredits the testimony already admitted.

The defendant under the statutes of Porto Rico has the right to be confronted with the witnesses against him with

certain exceptions provided for in section 11 of the Code of Criminal Procedure, which reads as follows:

"Section 11.—In a criminal action the defendant is entitled:

"1. To a speedy and public trial.

"2. To be allowed counsel or to appear and defend in person and with counsel.

"3. To produce witnesses on his behalf.

"4. To be confronted with the witnesses against him in the presence of the court, except that where the charge has been preliminarily examined before a prosecuting attorney or a justice of the peace; or where the testimony of a witness on the part of the People, who is unable to give security for his appearance, has been taken in the presence of the defendant, who has, either in person or by counsel, cross-examined or had an opportunity to cross-examine the witness, the deposition of such witness may be read, upon its being satisfactorily shown to the court that he is dead or insane, or cannot with due diligence be found within Porto Rico.

"The examination of witnesses by the prosecuting attorney, as provided for in section 3 must be in private, and he shall not interrogate witnesses produced for the defendant except during the public trial."

(Rev. Stat., C. C. P. pp. 622 and 623.)

If the defendant had any legal objection to the declaration of the deceased witness which had been made before the prosecuting attorney being read on the trial in the district court on behalf of the People, he should have presented such objection to the court. Not having done so, it is presumed that the testimony was properly admitted.

Then his right to contradict the same rests on a fair construction of section 245 of the Code of Criminal Procedure, which reads as follows:

"Section 245.—A witness may also be impeached by evidence that he has made at other times statements inconsistent with his present testimony; but before this can be done the statements must be related to him, with the circumstances of time, places and persons present, and he must be asked whether he made such statements,

and if so, allowed to explain them. If the statements be in writing, they must be shown to the witness before any question is put to him concerning them."

(Rev. Stat. C. C. P., pp. 675 and 676.)

In order to impeach the witness for the prosecution by showing contradictory statements the defendant's counsel should lay the proper predicate by complying with the section of the statute above quoted as far as possible. But the law does not require impossibilities of any man whether he is accused of a crime or not. Had the witness Cornelio Nieves been living and present at the trial of course the law could have been complied with and the predicate laid and it should have been done; but as he is shown to have been dead this was obviously impossible.

The district attorney appears to have had in his possession, as he had a right to do, two statements made by the deceased witness, one made before the prosecuting attorney and the other made before the justice of the peace. He introduced only one of these. The defendant, while making no objection to this, demanded the introduction of the others. Every principle of fair play and remedial justice requires that he should have been allowed the benefit of this testimony, whatever it may have been. It was not his fault that he could not exhibit it to the witness before introducing it to the court or jury. And especially as this was a case tried before the court alone, without a jury, and the court had the power and the right to weigh the two statements and to reconcile their contradictions, if any, the evidence should have been admitted. Had the district attorney introduced the statement made before the justice of the peace, and retired the other, the court could, with equal reason, have refused to receive the one made before the prosecuting attorney and thus the district attorney was in effect given his choice of the two statements and the defendant left helpless. We cannot endorse such a construction of the law.

Since the defendant, by the exclusion of legal evidence offered by him on the trial, has been deprived of a substantial right he should be granted a new trial.

*New trial ordered.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.